UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE K. SANDERS,

                              Plaintiff,

                                                                                      DECISION AND ORDER

                                                                                       16-CV-6512L

                              v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

       Plaintiff Willie K. Sanders, proceeding pro se, purports to appeal from a final decision by the Commissioner of Social Security (the "Commissioner") relative to a pending application for benefits. The Commissioner has moved to dismiss the action for failure to exhaust administrative remedies (Dkt. #14), and plaintiff has responded by filing an amended complaint (Dkt. #15).

       Pursuant to 42 U.S.C. §405(g), an individual must obtain a "final decision of the Commissioner" before a district court can review a Social Security benefits determination. The requirement of a "final decision" has two elements: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency; and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted. *See Bowen v. City of New York*, 476 U.S. 467, 483 (1986); *Mathews v. Eldridge*, 424

U.S. 319, 328 (1976); *Escalera v. Commissioner*, 2011 U.S. App. LEXIS 23524 at *5 (2d Cir. 2011) (unpublished decision).

Although the Social Security Act does not define the term "final decision," it empowers the Commissioner to specify the procedure for obtaining a final decision. See 42 U.S.C. §405(a). The Commissioner has accordingly set forth a four-step process by which a claimant must exhaust administrative remedies before proceeding to federal court. First, a claimant files an application for benefits and receives an initial determination. 20 C.F.R. §404.902. Second, if the claimant is dissatisfied with the initial determination, he may seek reconsideration by filing a written request within 60 days. 20 C.F.R. §§404.907, 404.909(a)(1). The reconsideration determination is binding unless a claimant requests a hearing before an administrative law judge ("ALJ") within 60 days of receiving notice of the reconsideration determination. 20 C.F.R. §§404.921(a), 404.933(b)(1). Finally, if the claimant is dissatisfied with the ALJ's hearing decision, he may request review by the Appeals Council within 60 days of receiving notice of the hearing decision. 20 C.F.R. §§404.967, 404.968(a)(1). A claimant may seek an extension of time of any of these deadlines by a showing of good cause. See 20 C.F.R. §§404.909(b), 404.933(c), 404.968(b). The Appeals Council's decision is considered final, and a claimant may seek judicial review of that decision in district court. *See Califano v. Sanders*, 430 U.S. 99 at 101-02 (1977); 20 C.F.R. §404.981.

Here, it is undisputed that plaintiff has not yet exhausted his administrative remedies, as plaintiff's "step 3" hearing before an ALJ took place just days ago, on November 17, 2016, and there is no indication that an ALJ decision has yet been rendered, let alone that it was an

unfavorable decision that has been reviewed and denied by the Appeals Council.  (Dkt. #14-2, Dkt. #15 at 9, 14-16).

Furthermore, there is no indication in the original or amended complaints, or elsewhere in the record, that any grounds exist to justify waiver of the exhaustion requirement.  This is not a case in which the "claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate," nor does plaintiff's complaint indicate that the relief he seeks is collateral to his demand for benefits, or that exhaustion would be futile or would result in irreparable harm.  *See Bowen*, 476 U.S. at 483.  *See also Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997) ("plaintiff's failure to exhaust administrative remedies can be excused if (1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm").  To the contrary, plaintiff did not request a hearing before an ALJ until more than two years after his "step 2" request for reconsideration was denied, and his pleadings seek precisely the same relief as he seeks in his underlying benefits application.  (Dkt. #14-2 at ¶3; Dkt. #15 at 2, 3, 9, 14-16, 18).

The Commissioner's motion to dismiss (Dkt. #14) for failure to exhaust administrative remedies is therefore granted, and the action is dismissed, as there is no final decision of the Commissioner.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 2, 2016.